NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 5 2012

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JACQUELYN Y. LEONARD,           §
                                §
            Plaintiff,          §
                                §
VS.                             §    NO. 4:12-CV-461-A
                                §
MARINERS STRATEGIC FUND II,     §
LLC,                            §
                                §
            Defendant.          §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter
jurisdiction over the above-captioned action.  Therefore, the
court is ordering the action remanded to the state court from
which it was removed.

I.

Background

On June 12, 2012, the above-captioned action was initiated
by plaintiff, Jacquelyn Y. Leonard, in the District Court of
Tarrant County, Texas, 48th Judicial District, against defendant,
Mariners Strategic Fund II, LLC.  By notice of removal filed July
6, 2012, defendant removed the action to this court, alleging
that this court had subject matter jurisdiction by reason of
diversity of citizenship, as contemplated by 28 U.S.C. § 1332,

and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).[1] Defendant contended in the notice of removal that where, as here, a plaintiff seeks to enjoin defendant from taking possession of the property following foreclosure, the fair market value of the property at issue constitutes the amount in controversy because the property is the object of the litigation. Because the Tarrant County Appraisal District appraised plaintiff's property at $94,300.00, defendant claimed it had established the amount in controversy.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on July 16, 2012, ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.

Defendant timely filed its amended notice of removal. The allegations in the amended notice of removal relative to the

---

[1] In both the original and amended notices of removal defendant alleged that the case was removable pursuant to federal question jurisdiction. No further mention was made of the purported federal question in the notice of removal or amended notice of removal, and no federal question is found in plaintiff's state court petition.

amount in controversy were substantially similar to those in the original notice of removal, with the additional contention that plaintiff's interest in the property is measured by the value of the property because if she is not successful, she will lose the entire value of the property, not just a portion.  Thus, according to defendant, the value of the property constitutes the amount in controversy.  Defendant also relied on cases from the Western District and Southern District of Texas, as well as on the Fifth Circuit's opinion in Waller v. Professional Insurance Corporation, 296 F.2d 545 (5th Cir. 1961), to support its contentions as to the amount in controversy.  Defendant also argued that because the subject of plaintiff's breach of contract claim was the note and deed of trust, and because such documents recited an amount of $86,000.00, the contract also determined the amount in controversy.

II.

## Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal

subject matter jurisdiction exists and that removal was proper."
Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723
(5th Cir. 2002).  "Moreover, because the effect of removal is to
deprive the state court of an action properly before it, removal
raises significant federalism concerns, which mandate strict
construction of the removal statute."[2]  Carpenter v. Wichita
Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995).
Any doubts about whether removal jurisdiction is proper must
therefore be resolved against the exercise of federal
jurisdiction.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th
Cir. 2000).

        To determine the amount in controversy, the court ordinarily
looks to the plaintiff's state court petition.  Manguno, 276 F.3d
at 723.  If it is not facially apparent from the petition that
the amount in controversy exceeds the required amount, the
removing party must set forth summary judgment-type evidence,
either in the notice of removal or in an affidavit, showing that

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court of which the district courts of the United
States have original jurisdiction, may be removed by the defendant or the defendants, to
the district court of the United States for the district and division embracing the place
where such action is pending.

(emphasis added).

the amount in controversy is, more likely than not, greater than $75,000.  Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff.  In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation."  Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).  It is also "the value of the right to be protected or the extent of the injury to be prevented."  Id.

### III.

### The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security

for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims.  Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Notwithstanding defendant's attempts to characterize plaintiff's claims otherwise, this is nothing more than an eviction suit in which plaintiff seeks to avoid the consequence of defendant's foreclosure of her property: her removal from the property.  Although defendant has provided the court with documents purporting to show that the appraised value of the property is in excess of $75,000, the authorities cited in the amended notice of removal fail to persuade the court that such is the value of the relief sought by plaintiff in this action.

As noted supra, defendant relied in part on Waller v. Professional Insurance Corporation, 296 F.2d 545, 547-48 (5th Cir. 1961), to support its contentions as to the amount in controversy.  This court has previously explained its reasoning for finding Waller inapposite to determining the amount in

controversy in cases such as the instant action, <u>see Ballew v.
America's Servicing Co.</u>, No. 4:11-CV-030-A, 2011 WL 880135 (N.D.
Tex. Mar. 14, 2011), and defendant has failed to persuade the
court otherwise.

Nor is the court persuaded that the breach of contract claim
satisfies the amount in controversy.  The factual basis of the
breach of contract claim is defendant's alleged failure to
provide proper notice to plaintiff of the foreclosure sale.  As a
result of such purported failure plaintiff does not seek to
rescind the contract or even to recover the amount of the
contract, but rather only contends she has been damaged in an
"undeterminate amount."  Am. Notice of Removal, Ex. 3, Pl.'s
Original Pet. at 3.  Defendant has directed the court to no
authority showing that under these circumstances an amount cited
in the note and deed of trust constitutes the amount in
controversy.

Plaintiff through the litigation is attempting to set aside
the foreclosure sale and prevent a possible eviction action, and
seeks an order reinstating her loan.  In other words, plaintiff
by way of relief seeks to return the parties to the position they
allegedly were in prior to the foreclosure.  Plaintiff is thus

not litigating over ownership of the property--only over her right to remain in the property in the hope that she and defendant can reach some agreement regarding plaintiff's payment obligations.  No information has been provided to the court that would enable the court to place a value on whatever interest plaintiff seeks to protect by this action.  Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED July 25, 2012.

JOHN MCBRYDE
United States District Judge